## MT. WASHINGTON RY. Co. *v.* COE *et al.*

### (*Circuit Court, D. New Hampshire.* May 10, 1892.)

#### No. 883.

1. REMOVAL OF CAUSES—CONDEMNATION PROCEEDINGS.

    The rule of the New Hampshire supreme court, requiring special pleas in proceedings at law to be filed within 90 days from the commencement of the term at which the action is entered, is applicable to railroad condemnation proceedings, and therefore, under the removal acts of 1887 and 1888, such proceedings can only be removed before the expiration of that period.

2. SAME—REMOVAL BY PLAINTIFF.

    If, in condemnation proceedings, the landowner be regarded as plaintiff, (as seems to be the rule of practice in New Hampshire,) then he has no right to remove at any time, as a removal by plaintiff is not provided for in the removal acts of 1887 and 1888.

At Law. Proceeding to condemn lands. Heard on motion to remand to the state court. Sustained.

*W. & H. Heywood, Oliver E. Branch,* and *Harry G. Sargent,* for appellants.

*Sanborn & Hardy* and *Frank S. Streeter,* for appellee.

ALDRICH, District Judge. The Mt. Washington Railway Company, a corporation existing and operating a railroad under the laws of New Hampshire, sought under the right of eminent domain to condemn for railroad purposes certain lands on the summit of Mt. Washington, supposed to be owned by Coe and Pingree. To this end a location was filed in the office of the secretary of state, and proceedings had before the railroad commissioners in accordance with the provisions of the statutes of New Hampshire. Under a statute which secures such right the landowners appealed to the supreme court for the southern district of the county of Coos, assigning as a reason that they were aggrieved by the appraisal of damages by the railroad commissioners. The appeal was entered in the office of the clerk of the supreme court on the 23d day of October, 1889, and the terms of such court are by law held in April and October of each year. The landowners, (Coe, a resident of Maine, and Pingree, a resident of Massachusetts,) on the 12th day of August, 1891, filed with the clerk of the state court a petition and bond in the usual form for removal of causes, and properly certified copies thereof were entered in the clerk's office of this court on the 8th day of October, 1891, and on the following day the corporation moved to remand to the state court, assigning three causes: (1) That the landowners are plaintiffs, and not defendants; (2) that the bond was not submitted to the state court for its approval; and (3) that the petition for removal was not filed in season.

If the landowners sustained the relation of plaintiffs, and the party exercising the right of eminent domain that of defendant, as seems to be assumed in Rorer on Railroads, (426,) and in numerous cases cited in the notes, as well as in *Chase* v. *Railroad Co.,* 20 N. H. 195, and *Boom Co.* v. *Patterson,* 98 U. S. 403, (and such assumption seems to have obtained in practice, at least, in New Hampshire,) then this proceeding should be remanded, as plaintiffs are clearly not within the removal pro-

visions of the act of 1887. But if, on the contrary,—which seems to me to be more logical,—the party who, under the delegated right of eminent domain, takes the initiative and the affirmative in the statutory mode prescribed for the appropriation or condemnation of private property to public uses,—asserting that the public good so requires,—stands as plaintiff, and the landowners who defend their private rights and possessions against such affirmative action on the part of the corporation stand as defendants, then the proceeding, after it reaches the supreme court of the state, takes the form of a suit at law, and is a controversy subject to the ordinary incidents of a civil suit and the rules of the court governing the practice in legal proceedings. *Boom Co.* v. *Patterson, supra.*

Section 3 of the act of congress of March 3, 1887, as amended by section 3 of the act of August 13, 1888, provides, in effect, that a party entitled to remove a suit on the ground of nonresidence may do so by filing a petition and bond in the state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff. It is very plain—indeed, it is conceded in argument—that the petition for the removal was late, provided there is a rule of the state court in respect to pleadings which is applicable to this class of cases. It appears by a rule of the supreme court for the state of New Hampshire, duly promulgated as a rule of practice in proceedings at law, that "all special pleas shall be filed with the clerk of the court, or delivered to the plaintiff's attorney, within 90 days from the commencement of the term when the action is entered; otherwise the cause shall be tried upon the general issue," and the general issue is treated as in, as of course; and by a rule in equity answers are to be filed within 60 days. The petition for removal was filed in this cause nearly two years after the parties who now seek a removal entered their appeal in the state court.

It is urged, however, in argument, that neither the limitation in section 3 of the act of congress in respect to time, nor the rules of the state court, apply to this controversy; for the reason that it is not a proceeding subject to the ordinary rules of pleading and practice above referred to, and that, therefore, the right of removal is not limited, and may be exercised at any stage of the proceeding. I cannot adopt this view. It is well understood that prior to the federal acts of 1887 and 1888 there was a general feeling of unrest and insecurity by reason of the delays and uncertainties resulting from the indefinite time limit, and the broad provisions as to separation of parties and issues under then existing removal laws. The act of 1875 provided, in substance, that either nonresident party, or any one or more nonresident plaintiffs or defendants, might remove before or at the term at which the cause could be first tried. Under the provisions of this act, there were great confusion, uncertainty, and diversity of judicial opinion, and the delays resulting were obnoxious and burdensome to parties, and such as amounted to a practical denial of justice; and the situation presented was repugnant to our system of government, which aims to provide its citizens

and property holders with facilities for speedy, inexpensive, and certain adjustment of disputed rights. And in 1887 and 1888 congress, responding to this widespread dissatisfaction, sought to remedy the evil by more clearly defining the jurisdiction of the federal courts, and the rights of parties in respect to removal of causes. And, among other things, it withdrew from plaintiffs the right of removal. It provided a clear and express time limit; it adopted more definite provisions as to separation of parties and issues; and, as is urged by some, limited the right of removal to cases over which the federal courts have original cognizance, and jurisdiction concurrent with the courts of the several states. It is apparent that the purpose of this legislation was to include within the time limit all classes of cases removable on the ground of diverse citizenship, except such as are within the local prejudice clause; and a construction of the statute and the rule of the state court, which should exempt a large class of cases from its operation, and thereby extend the right of removal indefinitely, would defeat the manifest intention of congress, and would be wrong.

Under the practice in the state courts of New Hampshire, this class of cases is subject to the ordinary rules obtaining in judicial procedure. Section 17, c. 160, Gen. Laws N. H., which gives the right of appeal from the railroad commissioners, provides that upon such appeal the same proceedings shall be had as on appeal from the award of damages by the county commissioners. The assessment of damages for land taken for railroad purposes is based, it is true, on the general right delegated by the state, subject to the right of appeal to the supreme court; and it is also true that such court, when a proceeding is brought there on appeal, may exercise supervision over the proceedings and the doings of the tribunal from which the appeal is taken. It will not be contended that the state, in delegating to railroads the right to appropriate lands, confers the power to take lands for all purposes and under all circumstances; and under the practice in New Hampshire, as I understand it, the landowner in a proceeding of this character, in a proper case, might interpose a plea in bar that there was no such corporation, that the corporate existence had expired by limitation, or that the alleged use was fictitious, and, while the ostensible purpose was for railroad use, the real purpose was banking or some other unauthorized use; and he might, by plea or motion, raise any question of jurisdiction or want of power in respect to the court or commissioners shown on the face of the papers, as, for instance, that the requirements of the statute in respect to notice or other things had not been complied with; or that the location was on one tract of land, and the assessment on another; or that the assessment was made by the commissioners of the state of New York, and not by the commissioners of New Hampshire; and in such case the question of right would doubtless be determined in the same proceeding, and, if adversely to the railroad, judgment would be entered accordingly, rather than proceed to reassess damages in a void and illegal proceeding, leaving the parties to independent process to set the assessment aside; and, in the event that no such special questions should be

raised within the 90-day rule referred to, it follows that the cause would be tried upon the general issue, which, under the statute and the rule of court as well, would involve the single issue as to the value of the land.

Holding the view that if the landowners are plaintiffs they are not within the provisions of the removal act of 1887, and if they are defendants that the rule of the state court applies, and that the landowners are therefore late in point of time, it is not necessary to consider the other ground raised by the motion, nor the further question which might be raised as to whether this class of cases is within the removal provisions of the act of 1887. The case should be remanded upon the grounds considered, and it is so ordered.